## JOHN BROWN *v.* GIDEON C. FORSYTH.

Where a rule of court requires, that the subpœna for a witness shall be given to the sheriff, at the latest, on the day preceding that on which the case is fixed for trial, a party will not be entitled to a continuance on account of the absence of a witness, for whom a subpœna was not delivered to the sheriff in compliance with the rule.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Durant*, for the plaintiff.

*Rawle*, for the appellant.

SIMON, J. The defendant is appellant from a judgment by which he is condemned to pay the sum of three hundred and two dollars, a balance claimed of him by the plaintiff as due for one year's services as overseer, laborer and superintendent

on a plantation on Red River, the whole amounting to $360, subject to a credit of $58, allowed in the petition.

The evidence establishes that on the 2d of March, 1839, the defendant gave the plaintiff a written authorization to go to the plantation of the late Wm. Foster, near Natchitoches, to manage it to the best of his abilities, under the advice and direction of one Green, who lived near the place. The agreement recites in what the plaintiff's labor on said plantation is to consist, in consideration of which the defendant agrees to pay him at the rate of thirty dollars per month, and to furnish him with wholesome food, such as is used on ordinary plantations by overseers.

The parol evidence taken on the trial proves that the defendant, on a certain occasion and at divers other times, expressed himself satisfied with the manner in which the plaintiff had conducted himself. The plaintiff claimed wages for one year, and the defendant admitted that he had been on the plantation one year. Another witness, Green, proves the arrival of the plaintiff on the plantation, with a letter from the defendant; this witness states, that the plaintiff was to manage the planing under witness' direction; that he did not work as directed by him; that he occasionally worked in the field and garden, and that his services on the place were of some value. He further states that he knows nothing against the plaintiff's character, except his stubborness in not following his directions, &c.

This case presents a mere question of fact; and although the evidence shews a certain disregard on the part of the plaintiff of the directions of the person under whom he was to labor on the plantation, it is clear that as the defendant was satisfied with the manner in which the plaintiff conducted himself during one year on the place, he should pay him the amount of his wages.

With regard to the bill of exceptions taken to the refusal of the court *a quà* to grant the defendant a continuance, on account of the absence of a witness, we think the court did not err. It appears that the defendant had not conformed to a rule of the lower court, requiring that the absence of a witness

should not be a cause for putting off a trial unless the summons for such witness be given to the sheriff at least on the day preceding that on which the cause is fixed for trial. This the defendant had not done, and his affidavit does not show the degree of diligence required by law in such cases. He does not show that he took any steps to discover the residence of his witness; and it was his duty to have put the summons into the hands of the sheriff, in order to procure the attendance of the witness.

*Judgment affirmed.*